IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | CR 05-00923 PHX NVW |
| v. | ) | CV 13-01698 PHX NVW MEA |
| | ) | |
| Rayford L. Terrell, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant/Movant. | ) | |
| _____ | ) | |

TO THE HONORABLE NEIL V. WAKE:

On August 16, 2013, Mr. Rayford Terrell ("Movant"), filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which was dismissed with leave to amend. Movant filed an amended motion on December 16, 2013. See Doc. 4. On June 3, 2014, Respondent filed an Opposition to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Response") (Doc. 6). Movant docketed a reply (Doc. 7) to the response to his motion on June 24, 2014.

### I Procedural History

A grand jury indictment returned September 14, 2005, charged Movant (and one co-defendant) with one count of being a felon in possession of a firearm and also alleged forfeiture, with regard to a crime allegedly committed June 9, 2005. See

Criminal Doc. 3.  A superseding indictment returned by a federal grand jury on September 20, 2006, charged Movant with one count of being a "Felon in Possession of a Firearm/Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)", and also alleged forfeiture.  Criminal Doc. 57.  On November 28, 2007, at the conclusion of a two-day trial conducted by the Honorable Frederick J. Martone, the jury found Movant guilty as charged.

Pursuant to this conviction, in an order docketed December 10, 2008, the Court sentenced Movant to a term of 188 months imprisonment followed by a term of five years of supervised release.  See Criminal Doc. 236.  The Court further found Movant had forfeited "any interest that he has in the FEG.380 caliber handgun serial number L046344 to the United States of America."  Id.

Movant took a timely direct appeal of his conviction and sentence.  In a decision entered February 2, 2010, the Ninth Circuit Court of Appeals affirmed Movant's conviction and sentence.  The Ninth Circuit determined:

> The district court enhanced Terrell's sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 921-31, which raises the mandatory minimum sentence for convicted felons in possession of a firearm who have "three previous convictions ... for a violent felony." 18 U.S.C. § 924(e)(1). Terrell argues that the prior convictions relied upon for the enhancement—sexual assault under Arizona law, second-degree burglary under Arizona law, and second-degree burglary under Missouri law—do not qualify as "violent felon[ies]" under the ACCA. We hold that all of these prior offenses fit categorically within the ACCA's residual clause in that

1
2
3

they "involve[ ] conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B)(ii). Thus, we affirm the district court's decision to enhance Terrell's sentence.

4   Criminal Doc. 268, Attach 2.

5   Petitioner sought a rehearing en banc, which relief was

6   denied on August 13, 2010, with four judges dissenting from the

7   denial of rehearing en banc.   The dissent to the denial of a

8   rehearing en banc opined:

9
10

Judge M. SMITH, with whom Chief Judge KOZINSKI and Judges PREGERSON and REINHARDT join, dissenting from the denial of rehearing en banc:

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Just one year ago, Chief Judge Kozinski presciently observed that we had on our hands "a train wreck in the making." United States v. Mayer, 560 F.3d 948, 951 (9th Cir. 2009) (Kozinski, C.J., dissenting from the denial of rehearing en banc). For years we had become accustomed to applying uniformly the Taylor categorical approach in our immigration and criminal sentencing jurisprudence. Mayer ended that practice. It developed a unique categorical approach for cases involving the Armed Career Criminal Act (ACCA) and the Sentencing Guidelines career offender provision. It also expanded those provisions' "residual clause" to cover nearly any crime. Chief Judge Kozinski warned of the growing number of casualties that would result in our circuit following our decision in Mayer. See id. at 954. Add Rayford Terrell as the next name on that list, and expect it to grow after the panel's decision here. In this case the panel holds that we can find a categorical match—and apply a substantial sentence enhancement— without reference to a single state case or other objective measure of whether the state offense falls within the definition of the generic federal offense that Congress intended to be the basis for enhancement. Apparently, a panel's gut instinct is all that matters. It also holds that a state offense that lacks one of the generic crime's key elements—key because it makes the generic offense inherently

28

> violent—is "almost always" the same offense as the corresponding generic crime. As a result, we have officially abandoned the categorical approach in "residual clause" cases. Because I believe the panel's approach is contrary to the intent of Congress and Supreme Court case law, I respectfully dissent from the court's denial of rehearing en banc.

Criminal Doc. 268, Attach 1.

Movant sought a writ of certiorari, which petition was denied by the United States Supreme Court on April 18, 2011.

In his pending section 2255 action, initiated August 16, 2013, Movant asks the Court to vacate his conviction, asserting that the United States Supreme Court has made the holding in Descamps v. United States retroactively applicable to cases like Movant's upon collateral review.  See Doc. 4.

Respondent contends the section 2255 motion should be summarily denied because it is both time-barred and because Movant's conviction is "not subject to review under Descamps v. United States, 133 S.Ct. 2276 (2013), the sole case/issue argued by defendant."  Doc. 6.

Movant does not dispute that his conviction was "final" on April 18, 2011, when the Supreme Court denied certiorari in his direct appeal.  Movant asserts that his action is timely pursuant to section 2255(f)(3), which provides for a different beginning of the running of the statute of limitations than when a conviction becomes final upon the conclusion of direct review.

**II Analysis**

Respondent contends Movant's section 2255 action, filed August 16, 2013, was not filed within the one-year statute of

-4-

limitations.

Section 2255 provides, inter alia:

A 1-year period of limitation shall apply to
a motion under this section. The limitation
period shall run from the latest of--
(1) the date on which the judgment of
conviction becomes final;
(2) the date on which the impediment to
making a motion created by governmental
action in violation of the Constitution or
laws of the United States is removed, if the
movant was prevented from making a motion by
such governmental action;
(3) the date on which the right asserted was
initially recognized by the Supreme Court, if
that right has been newly recognized by the
Supreme Court and made retroactively
applicable to cases on collateral review...

Movant contends his action is timely because he asserts
a right initially recognized by the Supreme Court in <u>Descamps v.
United States</u>, 133 S. Ct. 2276, which was decided on June 20,
2013, allowing him until June 20, 2014, to file a section 2255
motion seeking collateral review.

In <u>Descamps</u>, reversing a decision of the Ninth Circuit
Court of Appeals, the Supreme Court held that the federal courts
may not apply the modified categorical approach to sentencing
under Armed Career Criminals Act ("ACCA") when the crime of
conviction has a single, indivisible set of elements.

Until at least 2009, confusion existed
regarding the approach sentencing courts must
take in determining whether a prior
conviction fits the definition of "crime of
violence" set forth in § 4B1.2(a)(2). See
<u>United States v. Woods</u>, 576 F.3d 400, 405
(7th Cir. 2009). Prior to <u>Woods</u>, courts in
this circuit used different approaches,
sometimes called the categorical approach and
the modified categorical approach, in
determining whether a prior conviction

constituted a "crime of violence" under § 4B1.2(a)(2). .... In 2013, the Supreme Court adopted the divisible/indivisible distinction as discussed in <u>Woods</u>. <u>See</u> <u>Descamps v. United States</u>, ––– U.S. ––––, ––––, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). To date, the Supreme Court has not made <u>Descamps</u> retroactive on collateral review.

<u>Groves v. United States</u>, ___ F.3d ___, 2014 WL 2766171, at *4 (7th Cir. June 19, 2014)

However, with regard to the applicability of section 2255(f)(3), the Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." <u>Tyler v. Cain</u>, 533 U.S. 656, 663, 121 S. Ct. 2478, 2482 (2001). As noted by the Seventh Circuit Court of Appeals in <u>Groves</u>, issued June 19, 2014, the Supreme Court has not declared the decision in <u>Descamps</u> to be retroactively applicable on collateral review.

Additionally, several federal District Courts have concluded that:

The Supreme Court did not state in <u>Descamps</u> that the decision represented a new rule of law. ...
  While no circuit court has addressed the issue, the district courts that have done so consistently hold that <u>Descamps</u> does not apply retroactively to cases on collateral review.

<u>United States v. Chapman</u>, ___ F. Supp. 3d ___, 2014 WL 1931814, at *4 (S.D. Tex. May 14, 2014) (collecting unpublished cases by the federal District Courts so holding).

In reply to the response to his section 2255 motion, Movant contends his claim is cognizable on collateral review

because the error was a "fundamental defect which inherently results in a miscarriage of justice." Movant contends the rule stated in <u>Descamps</u> is a "new substantive rule" which must be applied to his conviction and sentence. Movant argues that, because <u>Descamps</u> is applicable to his case his section 2255 motion was filed within the time specified in section 2255(f). Movant asserts the Court has the discretion to apply <u>Descamps</u> and order he be resentenced notwithstanding any procedural bar to his motion for relief, citing <u>United States v. Thomas</u>, 627 F.3d 534 (4th Cir. 2010).[1]

---

[1]

Generally speaking, when the Supreme Court announces "a 'new rule,' that rule applies to all criminal cases still pending on direct review." <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351, 124 S.Ct. 2519, [] (2004) []. Where a conviction is "already final, however, the rule applies only in limited circumstances." <u>Schriro</u>, 542 U.S. at 351, 124 S.Ct. 2519. New procedural rules apply retroactively to cases on collateral review only if they fall within the "small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Id.</u> at 352, 124 S.Ct. 2519 []. This is because such rules "regulate only the manner of determining the defendant's culpability." <u>Schriro</u>, 542 U.S. at 353, 124 S.Ct. 2519. "They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." <u>Id.</u> at 352, 124 S.Ct. 2519.
"New substantive rules," in contrast, "generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." <u>Id.</u> at 351-52[]. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that

### III Conclusion

The section 2255 action was not filed within one year of the date Movant's conviction became final upon direct review. Movant is not entitled to a different beginning of the running of the statute of limitations based on the Supreme Court's opinion in Descamps because that decision has not been made retroactive to cases on collateral review.

**IT IS THEREFORE RECOMMENDED** that Mr. Terrell's motion for relief from his conviction and sentence pursuant to section 2255 be **denied and dismissed with prejudice.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to

---

the law punishes." Schriro, 542 U.S. at 353, 124 S.Ct. 2519. "Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." Id. at 352, 124 S.Ct. 2519 (internal quotation marks omitted). Thomas, 627 F.3d at 537.

file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.

Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 25th day of June, 2014.

_____
Mark E. Aspey
United States Magistrate Judge

-9-